Herman FALKE, Appellant,

v.

H. E. SNYDER, d/b/a Snyder Insurance Agency, Respondent.

No. 54935.

Supreme Court of Missouri, Division No. 2.

Nov. 9, 1970.

———◆———

Elwyn L. Cady, Jr., Independence, for appellant.

Darwin E. Johnson, Kuraner, Oberlander, Lamkin & Dingman, Kansas City, for respondent.

BARRETT, Commissioner.

This is an action by one insurance-agent-broker, Herman Falke, against another insurance-agent-broker, H. E. Snyder, to recover $300,000.00 damages for "severe economic loss, including the loss of business, a loss of business reputation, and substantial harassment and humiliation in the conduct of his business." The allegation in plaintiff's petition is that between the dates of August 1961 through August 1962 he placed "a number of risks with defendant during that period, but that defendant, in violation of his duty of ordinary care, diligence, and best judgment did neglect to place such insurances in sound insurance companies, but rather negligently placed said risks with Guaranty Insurance Exchange, which company was in an unsound position and which fact could have been determined by said defendant had he exercised appropriate care and diligence." But, the plaintiff alleges, as a result of the charged negligence plaintiff suffered the noted losses and injuries.

At the close of the plaintiff's evidence the court sustained the defendant's motion for a directed verdict and plaintiff has appealed. In his brief here plaintiff asserts that the court was in error in thus directing a verdict because "a prima facie cause had been established by substantial evidence of negligence, damage and proximate cause." The plaintiff has cited no cases or other authority in support of his theory of recovery and the defendant has cited no helpful authority. The plaintiff asserts that the "placements of insurance," particularly in Guaranty, "constituted negligence." But whatever plaintiff's basic theory of liability he asserts that negligence would have been established "had the excluded expert opinion (the subject of Point I) been admitted." In addition, he says, however, that a reasonable inference from all the testimony which was admitted "the court arrived at the same probandum (see "probant" in Oxford English Dictionary and "factum probandum" in Ballentine Law Dictionary, p. 456); that Snyder was negligent."

The difficulty with appellant's "probandum" is that it is not dependent on the

excluded testimony of one witness, Mr. Roseworn, it is also dependent on the additional testimony of a second witness, Mr. Reese, because upon specific objections the court ruled that neither witness was qualified as an expert regarding liability insurance companies and their operation and therefore could not give an opinion as to the solvency of Guaranty Insurance Exchange, the company in which the defendant Snyder had insured Mr. Falke's clients. The court did not exclude either Mr. Roseworn's or Mr. Reese's testimony because of its hearsay character, on the contrary, the court ruled that neither was qualified to give an opinion as to the solvency of Guaranty or to answer the hypothetical question "do you have an opinion, based upon reasonable certainty, as to whether or not the conduct of that agent in making such placements was ordinarily good, prudent practice as an agent in the greater Kansas City metropolitan area or similar communities?" Concerning Mr. Roseworn, the court said, "I do not find that the evidence that's been presented to me qualifies this man as an expert in this field." The court nevertheless permitted the witness to say that he had an opinion as of that time, 1961–1962, as to the financial condition of Guaranty. But his answer was that "there were a number of responsible agents that didn't use them, for the same reason that I didn't see fit to use them." At the time of the trial Mr. Roseworn was unemployed and had voluntarily "turned in" his licenses (obtained in 1961 and 1962) as an insurance agent and as a broker. The other witness, Mr. Reese, was "employed by myself and by companies, principally insurers of large corporations, to investigate fraudulent, questionable claims." When asked the hypothetical question whether an agent, such as Mr. Snyder, "was acting with ordinary care and prudence by placing a number of insurances in the Guaranty Insurance Exchange," the court sustained the objection that "no sufficient groundwork has been laid qualifying this man as an expert on the subject matter of the question now propounded." His knowledge of Guaranty's financial condition was based on "a very superficial investigation," as "by gossiping with the (company) secretaries" and what was reputed to be "common knowledge." This witness knew that Guaranty was "a substandard underwriter," accepting at higher rates risks that other companies declined. Thus all that was factually known concerning Guaranty, and that was developed on cross-examination of plaintiff's witnesses, was that on August 22, 1962, by reason of an order of the Circuit Court of Cole County, it ceased to do business. The company was not old enough for a rating in industry journals and during the period involved was authorized to do business in · Missouri and there were no warnings to agents, brokers or the public by the Superintendent of Insurance as to Guaranty's financial condition or ability to insure liability risks.

In this background and as indicated the plaintiff's cause of action was wholly dependent upon expert testimony and by the court's ruling his two witnesses to the essential facts were not qualified as experts in the subject matter. The appellant's only answer to the court's ruling, particularly as to Mr. Roseworn, is that the court's ruling "was confined to a hearsay objection"—that is that his testimony and opinion were based on hearsay. But that was only one of the reasons the court did not consider the witnesses qualified—that all their information and opinions were based on hearsay, again as indicated, the court's ruling was that the witnesses did not possess the requisite and peculiar knowledge, training or experience necessary to qualify them as experts and the appellant's "hearsay" contention (Compare the only case cited by appellant, State ex rel. State Highway Comm. v. Bloomfield Tractor Sales, Inc., Mo.App., 381 S.W.2d 20, 25), does not in any manner demonstrate that the court's ruling was erroneous either as a matter of fact or law. The Bloomfield case recognizes the applicable, governing rule that "(t)he qualification of an expert or one standing in the role of an expert is a

preliminary question and is largely a question for the trial court whose discretion will not ordinarily be overruled unless abused or exercised in clear error of law." For application of this rule in an instance in which the court excluded the offered testimony and an instance in which the court admitted the expert opinion see Yocum v. Kansas City Public Service Co., Mo., 349 S.W.2d 860 and Parlow v. Dan Hamm Drayage Co., Mo., 391 S.W.2d 315.

The case relied on by the appellant concerned the value of land in condemnation and the court observed, as have others, that "One need not be an 'expert,' in the sense that word is ordinarily used, to testify as to the value of land." When, as here, the essential issue involves the financial condition of an insurance company and whether the conduct of an agent in "placing a number of insurances" in a particular company "was ordinarily good, prudent practice as an agent in the greater Kansas City metropolitan area," the problem is whether the qualification and hence the testimony of the witness is based on adequate facts and data and ultimately whether the offered testimony is of such substance and probative force, supported by reasons, as to constitute substantial evidence. And here, under these tests, the testimony of the two witnesses offered as experts "does not constitute substantial, probative evidence, particularly when it is considered that this is the only evidence from which a lay jury is to draw the essential and hypothesized inference of defective regulator, negligence and consequent liability" in tort. Gaddy v. Skelly Oil Co., 364 Mo. 143, 154, 259 S.W.2d 844, 851–852. As to opinions or conclusions as to the solvency of a rather complicated corporation, as a bank or an insurance company, even based upon an examination of company books, "(i)f the witness is not shown to be qualified to express an opinion as to solvency or insolvency * * * his opinion on that question is inadmissible." 31 Am.Jur.2d (Expert and Opinion Evidence) Sec. 176, p. 740; State v. Peer, Mo., 39 S.W.2d 528; State v. Long, Mo., 44 S.W.2d 67.

With a case and record in this posture, whatever the plaintiff's theory of liability, there was no evidence to support it and the trial court did not err in directing a verdict for the defendant—accordingly, the judgment is affirmed.

STOCKARD, C., not sitting.

PRITCHARD, C., concurs.

PER CURIAM:

The foregoing opinion by BARRETT, C., is adopted as the opinion of the court.

All of the Judges concur.