A. Ruth COWAN, et al., Appellants,

v.

Janice Jo Ann McELROY, Individually, and Janice Jo Ann McElroy, Executrix of the Estate of Harry Cowan, Respondent.

No. KCD 27637.

Missouri Court of Appeals, Kansas City District.

Feb. 28, 1977.

Motion for Rehearing and/or Transfer Denied April 15, 1977.

Larry L. Zahnd, Zahnd & Whan, Maryville, for appellants.

Richard E. McFadin, and F. A. White, Jr., McFadin & White, a Professional Corp., North Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and SOMERVILLE, JJ.

SWOFFORD, Judge.

This is a civil suit brought by the brothers and sister and only heirs at law, of Harry Cowan, to contest his Last Will and Testament on the grounds that he lacked testamentary capacity and that at the time he executed the will he acted under and by reason of undue influence exerted upon him by Janice Jo Ann McElroy.

The will was executed on October 16, 1972, and Harry Cowan died on May 8, 1973 at the age of 76 years. The will was filed for probate in Nodaway County, Missouri, on May 10, 1973. By its terms, it left a bequest of $1.00 to each of the testator's heirs at law (brothers and sister), and the residue of the estate was bequeathed to Janice McElroy, who was also designated executrix of the estate. This will contest suit was filed on September 7, 1973, and was tried before a jury on July 15, 1974 and July 17, 1974, on which latter date the jury

returned a unanimous verdict finding that the will of October 16, 1972 was the Last Will and Testament of Harry Cowan. After an unavailing motion for a new trial below, the appellants appealed.

No question is raised as to the sufficiency of the evidence. In this connection, for the purposes of this appeal, it is sufficient to note that the transcript of the trial reveals that the testimony of 18 witnesses was produced and many exhibits offered and received in evidence. Typical of this type of action, this evidence was characterized by much conflict and high emotion, and no purpose would be served by a recount of such testimony or an analysis of the documentary evidence. Suffice it to say, that the record discloses sufficient, competent and convincing evidence to support the jury's verdict.

The points relied upon by the appellants here (plaintiffs-contestants below) are threefold. In summary, they assert: *First*, the court erred in giving Instruction No. 10 on its own motion during the course of the jury's deliberations because such instruction was not approved for use in civil actions under MAI, was coercive and was what has become known as an improper "hammer" instruction; *second*, having given Instruction No. 10, the court below erred in refusing counsel permission to argue such instruction to the jury; and, *third*, the court erred in giving Instruction No. 3, the respondent's (defendant-proponent below) verdict director, because it varied and improperly deviated from MAI 31.06, by the use of a period instead of a comma after the first phrase and thus constituted an affirmative direction to the jury that the document in question was the will of Harry Cowan.

The assignment of error dispositive of this case is the propriety of the trial court giving Instruction No. 10 of its own motion during the deliberations of the jury. A resolution of this problem requires a review of the record showing the facts and circumstances in this case leading to this situation and the results thereof.

At the close of all the evidence on the second day of trial, the jury was instructed and retired to deliberate upon its verdict at 4:25 P.M. At the direction of the trial court, the jury was returned to the courtroom at 6:00 P.M. (after 1 hour and 35 minutes of deliberation) and the following appears:

"THE COURT: * * * Mr. Engle, the fact that you have the papers—are you the foreman?

MR. ENGLE: I am.

THE COURT: You do not have a verdict?

MR. ENGLE: We do not."

Thereupon, the court adjourned until 7:15 P.M. so that the jury could obtain dinner. The jury resumed deliberations at 7:15 P.M., and at 9:15 P.M. (after 2 hours of further deliberation), the jury was again brought into the courtroom and the following appears:

"THE COURT: * * * Have you reached a verdict?

MR. ENGLE: We have not."

The jury was then taken from the courtroom and the trial court announced its intention to give, of its own motion, Instruction No. 10 as approved in *State v. Covington*, Mo., 432 S.W.2d 267 at 270, as appropriate under the circumstances, and added:

"I don't know how the jury stands. I have no idea where they are with reference to a possibility of their returning a verdict. I don't know how they stand, whether they are evenly divided or unevenly, so it seems to me quite appropriate that it is the time that this instruction should be given. * * * I think it is the court's duty to give it, and if we have to have it to reach a verdict I think the court has a duty to instruct the jury properly."

Thereupon, both counsel for plaintiffs-appellants and for defendant-respondent objected to the giving of Instruction No. 10 and coupled with that objection requested that they be given an opportunity to argue the instruction to the jury, if it was given. The objections were overruled and the requests denied, and the jury was returned to the courtroom and the court gave them the following instruction:

"INSTRUCTION NO. 10

At this time, after you have been deliberating, I give you this additional instruction. It is desirable that there be a verdict in every case. *It costs considerable money* and time and effort to try any lawsuit and the parties are entitled to have their rights determined once and for all in every case, and the 12 jurors chosen to try this case shall be well qualified to do so as any other 12 that might hereafter be chosen. Open and frank discussion by you in your jury room of the evidence in this case may aid you in agreeing upon the facts, however, no juror should ever agree to a verdict that violates the instructions of the court, nor find as a fact that which under the evidence and his conscience he believes to be untrue, yet each of you should respect the opinions of your fellow jurors as you would have them respect yours, and in a spirit of tolerance and understanding *endeavor to bring the deliberations of the whole jury to an agreement upon a verdict.*" (Emphasis supplied)

After receiving this instruction, the jury again resumed deliberations at 9:20 P.M., and at 9:50 P.M., returned a verdict as follows:

"We the jury find the document dated October 16, 1972 is the Last Will and Testament of Harry Cowan.

S/ John Engle Foreman"

As remarked by the trial court, Instruction No. 10 was taken verbatim from the decision in *State v. Covington*, 432 S.W.2d 267, 270/1[2, 3] (Mo. 1968), a prosecution for assault with intent to kill with malice aforethought, wherein the court held, *under the record in Covington*, that the trial court did not err in giving the instruction. In *Covington*, the jury deliberated for 5 hours and 15 minutes (with a recess for dinner, the length of which does not appear) before the court gave the instruction. It was given only after the court had ascertained that the jury stood 11 to 1, numerically. The

jury in *Covington* deliberated an additional 2 hours and 45 minutes, during which time, upon request, it was furnished certain information as contained in the evidence; the court ascertained during this period that ten of the jurors felt that further deliberations would be fruitless; and, after eight hours, the jury returned its verdict. In *Covington*, the court followed and basically adopted the principle theretofore declared in *State v. Roberts*, 272 S.W.2d 190, 192 [1, 2] (Mo. 1954), a first degree robbery conviction, and *State v. Watson*, 386 S.W.2d 24, 32–33 [18] (Mo. 1964), a possession of burglar's tools conviction.

■ From these and other cases, both criminal and civil, the fact emerges that our decisional law postulates the rule to be that an inquiry by a trial judge, made generally and numerically, and not specifically, of a jury after long deliberation as to the possibility of reaching a verdict is not "coercive per se" and, in the circumstances of a given case, an instruction such as Instruction No. 10 here is proper but must not be used "indiscriminately or under any and all circumstances", *Anderson v. Bell*, 303 S.W.2d 93, 100 [9, 10] (Mo. 1957).[1] Some basis must appear in the record warranting the giving of such instruction.

This court is supplied in the briefs with many theories as to why the jury here involved did not reach an earlier verdict, and some other reasons appear from speculation. Counsel for appellants argues that there was bound to be an irreconcilable schism in the views of the jury because the issue for its decision was so "simple", namely, was or was not the document in question the Last Will and Testament of Harry Cowan. This position is too simplistic to warrant much attention. A careful reading of the record instantly reveals that the jury was faced with decisions (to name a few) as to the physical and mental condition of the decedent at the time he executed the will; his relationship with the respondent-defendant; and, the determination of the credibility or believability of 18 witnesses. Not one

word in this record imports any substance to the claim that the jury in its deliberations had reached an impasse or even deadlocked or were unable to eventually reach a verdict. Indeed, if speculation is in order, it could be assumed, with equal justification, that no vote of the jury had been taken on the basic issue.

However, resort to speculation or conjecture *dehors* the record, is not proper, nor indeed, necessary. Nothing appears in the record to warrant the giving of Instruction No. 10, an instruction not approved by MAI for use in civil cases.

■ But of overriding and compelling importance is the fact that Instruction No. 10 was misleading to the jury and in direct and irreconcilable conflict with Instruction No. 9, the forms of verdict instruction.

Instruction No. 9 properly informed the jury:

"You are instructed that *nine or more jurors* may return a verdict in this case. * * * " (Emphasis supplied)

Instruction No. 10 informed the jury: " * * * in a spirit of tolerance and understanding endeavor to bring the deliberations of the *whole jury to an agreement upon a verdict.*" (Emphasis supplied)

Such an admonition that the "whole" jury should reach an agreement, as approved in *State v. Covington*, supra; *State v. Roberts*, supra; and *State v. Watson*, supra, all criminal proceedings, under the facts and trial circumstances of those cases, was proper. But in the case at bar, a civil action, it could only be confusing and misleading and tantamount to a violent, coercive misdirection, reflected indelibly by the unanimous jury verdict.

Coupled with this, however, are the additional facts that Instruction No. 10 is not authorized for use in civil cases under MAI and the record in this case does not present any circumstances which would justify its use. Accordingly, this case must be reversed and remanded for a new trial.

---

1. This instruction, in form similar to the *Covington* instruction, is now MAI-CR 1.01 but it will be noted that such instruction omits any reference to the cost of trial.

Since upon a retrial of this case, this situation may again arise and instructions such as Instruction No. 10 be given, it should be observed that where it is necessary to give additional instructions to a jury during the course of its deliberations and a *new issue* is thereby injected into a case, that litigants may be permitted to argue that issue to the jury. *Clancy v. City of Joplin*, 181 S.W. 120, 122–123 [4, 5] (Mo. App. 1916); *Loveless v. United States*, 104 U.S.App.D.C. 157, 260 F.2d 487, 488 (D.C. Cir. 1958). An instruction admonishing a jury to arrive at a verdict does not present a new issue and does not require that the court permit additional jury argument. Such would rest within the sound discretion of the trial court.

The typographical or typing error resulting in the use of a period instead of a comma in Instruction No. 3 will doubtless not recur upon retrial. *Johnson v. West*, 416 S.W.2d 162, 164–165 [1, 2] (Mo. 1967).

The judgment below is reversed and the cause remanded for a new trial.

All concur.