Kenneth Ray GARNER, Appellant,

v.

Ted L. JONES, Respondent.

No. KCD 30494.

Missouri Court of Appeals,
Western District.

Oct. 1, 1979.

Motion for Rehearing and/or Transfer Denied Oct. 29, 1979.

Application to Transfer Denied Dec. 6, 1979.

Edward J. Murphy, Butler, for appellant.

Spencer J. Brown, Gary M. Cupples, Kansas City, for respondent.

Before SHANGLER, P. J., and SWOFFORD and CLARK, JJ.

CLARK, Judge.

This action arose out of a vehicular accident which occurred when automobiles driven by plaintiff and defendant collided at the intersection of Routes 52 and J in Bates County. Following entry of judgment on a jury verdict for defendant, plaintiff appeals.

Points raised by plaintiff in this appeal are that the trial court erred in receiving testimony from an investigating police officer regarding his ability to locate the point of vehicle impact and that the court erred in giving an incorrect coercive instruction which was not warranted by the status of jury deliberations. Affirmed.

At the accident location, access from Route J to Route 52, the through roadway, is controlled by a stop sign. Although the evidence established that plaintiff's automobile, southbound on Route J, was in a stopped position as defendant's car approached on Route 52 from the east, the testimony of the witnesses was in dispute as to whether a portion of plaintiff's car occupied part of the westbound lane of Route 52. Defense in the case was predicated on the contention that plaintiff had failed to

yield the right-of-way by pulling onto and blocking the portion of Route 52 on which defendant was traveling.

The testimony claimed by appellant to have been erroneously admitted was that of a highway patrolman who investigated the accident and arrived at the scene soon after the occurrence. On cross-examination of the officer by defendant, the question was asked, "Were you able to tell, Officer, where the two cars had come together?" After plaintiff's objection that the answer would be an impermissible conclusion invading the province of the jury was overruled, the witness answered, "No, sir, I was not." Plaintiff contends that testimony of the police officer, not otherwise qualified as an expert, may not be given to show point of impact and cites *Chester v. Shockley,* 304 S.W.2d 831 (Mo.1957) in support of this proposition.

■■■ Accident reconstruction by non-expert witnesses giving opinions or conclusions is error because an invasion of the province of the jury. *Penn v. Hartman,* 525 S.W.2d 773 (Mo.App.1975); *State v. Gibson,* 502 S.W.2d 310 (Mo.1973). The expressed rationale supporting this rule is that the collective knowledge and experience of the jury is adequate to determine point of impact given evidence of location of vehicles after impact, distribution of debris and other physical features found at the scene. *Hamre v. Conger,* 357 Mo. 497, 209 S.W.2d 242 (1948). Opinion evidence may only be received when the witness by experience and knowledge is peculiarly qualified to draw conclusions from the facts and the jury, from want of such experience and knowledge, is not capable of drawing the correct conclusions from the facts proved. *Stephens v. Kansas City Gas Co.,* 354 Mo. 835, 191 S.W.2d 601 (1946).

■■ This case on the facts is not appropriate for application of the rule excluding non-expert opinion evidence and is therefore distinguishable. The subject witness disclaimed ability to ascertain the point of impact. The jury was supplied no conclusion of opinion by the officer to be substituted for a decision required by the jurors

themselves and the factor essential to application of the rule excluding this type of opinion evidence is therefore absent.

Plaintiff anticipates this aspect of the question and suggests that prejudice nevertheless was the consequence of admitting the officer's statement as to point of impact, albeit a disclaimer of opinion. He argues that disclosure to the jury of the investigating officer's inability to determine at the scene where the cars had collided would discourage the jurors from deciding the issue and, because plaintiff's case turned on this question, plaintiff is thereby denied a verdict.

Such implication of adverse effect is entirely speculative and cannot be confirmed as a necessary or even a probable result of the officer's testimony. Regardless of the conjectural nature of this argument, however, it fails to aid plaintiff in advancing any claim of prejudice. While it is true that plaintiff's case under his wrong side of the road submission required a factual determination that the collision did occur on plaintiff's side of the road, defendant similarly was striving to prove, in support of his defense, that plaintiff had pulled onto the through roadway, a point of impact confirming that version of the accident. Any unfavorable inference to be drawn by the jury from the officer's inability to establish the point of impact therefore fell with similar weight on the issues important to each party.

Additionally it is to be noted that after the question and response by the officer as to point of impact, inquiry by counsel established that investigation by the officer at the scene failed to reveal physical confirmation of the collision point because of snow and ice on the roads and because other traffic between the time of the accident and the arrival of the officer had obscured or confused wheel and skid marks. The jury's resolution of the disputed issues of fact in the case was based on the sworn testimony of all the witnesses, the court's instructions and the arguments of counsel and thus was far broader in scope than the single question of point of impact con-

sidered by the officer from physical evidence at the scene. Plaintiff's claim of prejudice under these facts is subjective, conjectural and insubstantial.

Plaintiff next contends that the trial court erred in the giving of Instruction No. 10 over the objection of both parties. Such instruction duplicates a like instruction quoted in full and condemned by this court in *Cowan v. McElroy,* 549 S.W.2d 543 (Mo. App.1977). The instruction, often described as the "hammer," exhorts the jury to "endeavor to bring the deliberations of the whole jury to an agreement upon a verdict" and follows a form employed in criminal cases but not approved by MAI for use in civil cases. The vice inherent in the instruction is, as plaintiff observes and as was noted in *Cowan, supra,* reference to agreement by the whole jury upon a verdict in contradiction of MAI No. 36.01 which authorizes a verdict by nine or more jurors, thus leaving the jury in doubt as to whether a unanimous verdict is required.

While the instruction in question is not commended for use generally or in the form given, the critical issue is the examination of prejudicial effect as required under Rule 70.02(c). Deviation from MAI does not, of necessity, always result in prejudice and require reversal. *State Farm Mutual Automobile Insurance Co. v. Jessee,* 523 S.W.2d 832, 836 (Mo.App.1975). The distinctive feature in the *Cowan* case was that the jury returned a unanimous verdict some thirty minutes after receiving the erroneous verdict coercive instruction thus prompting the decisive statement in the opinion: "But in the case at bar, a civil action, it [the instruction] could only be confusing and misleading and tantamount to a violent, coercive misdirection, reflected indelibly by the unanimous jury verdict."

In the subject case, defendant's verdict was returned by nine jurors, a fact which conclusively demonstrates that erroneous reference in the challenged instruction to "agreement of the whole jury" did not mislead or coerce the jury to depart from the original instruction authorizing a less than unanimous verdict. While plaintiff argues that agreement of nine jurors on verdict after delivery of the erroneous instruction indicates some persuasive effect from the instruction, such was a consequence of the general effect of the instruction and not from any confusion or misdirection on the subject of a unanimous verdict. The error in the instruction was, by reason of the verdict returned not prejudicial.

Plaintiff also suggests that the giving of the verdict coercive instruction was not justified in this case by the state of jury deliberations, a factor of significance as noted in *Cowan, supra.* In contrast to *Cowan,* however, where no deadlock or impasse was reported, the jury reported to the court in the subject case after more than two hours' deliberation that they could not reach a verdict. Admonitions to the jury regarding its duties and powers when report of deadlock is conveyed may be given by the trial court in the exercise of its discretion. *Nash v. Plaza Electric, Inc.,* 363 S.W.2d 637 (Mo.1962). As in *Nash, supra,* a conclusion that the instruction was not coercive is supported by the fact that three jurors did not agree to the verdict. The court properly exercised its discretion in affording the jury sufficient opportunity and instruction to bring the case to a verdict under the circumstances evident from the record in this case.

Finally, plaintiff has advanced and briefed alleged error in defendant's right-of-way instruction patterned after MAI 32.01(2) and 14.05 and the absence of evidence to support this contributory negligence instruction. On argument, this instruction question has been abandoned as the issue is resolved by reference to effective dates of MAI revisions as incorporated in the Rules of the Supreme Court of Missouri. Sufficiency of the evidence to warrant submission of the defense has been reviewed, however, and no error is found in the giving of the instruction.

The judgment is affirmed.

All concur.