**James and Lillian ROSE, Plaintiffs-Appellants,**

v.

**Lori Ann FAGUE–PROUHET, Defendant-Respondent.**

No. 49614.

Missouri Court of Appeals, Eastern District, Division One.

Oct. 22, 1985.

Motion for Rehearing and/or Transfer Denied Nov. 21, 1985.

Application to Transfer Denied Jan. 15, 1986.

Neil John Bruntrager, St. Louis, for plaintiffs-appellants.

William F. James, St. Louis, for defendant-respondent.

KAROHL, Judge.

Plaintiffs, James and Lillian Rose, appeal judgment for defendant after a jury verdict in favor of defendant, Lori Ann Fague-Prouhet. Plaintiffs sued defendant for personal injuries sustained by James Rose as a result of an automobile collision with defendant. Plaintiff, Lillian Rose, sued for loss of consortium as a result of the collision. This case was tried as one involving comparative negligence of plaintiff James Rose and defendant.

Plaintiffs contend on appeal the trial court erred in: (1) excluding an expert's opinion of how the collision occurred since the evidence was relevant and did not invade the province of the jury; and (2) discharging the jury before it had completed its deliberations since the jury failed to determine the percentage of fault attributable to the parties as allowed in comparative fault cases.

On April 12, 1982, at 11:00 a.m. plaintiff-appellant, James Rose, was driving eastbound on St. Charles Rock Road in Bridgeton. As he was making a left-hand turn from St. Charles Rock Road into a parking lot on the north side of the road he was struck by defendant-respondent Lori Ann Fague-Prouhet, who was driving west on St. Charles Rock Road. Plaintiff James Rose suffered a concussion, ruptured muscles in his left leg, a fractured collarbone and shoulder blade, cuts and bruises. He was unable to work for approximately three months and incurred numerous medi-

cal bills. Defendant suffered no personal injury.

Plaintiffs' petition claims defendant failed to keep a careful lookout, drove at an excessive rate of speed and should have seen plaintiff James Rose in time to avoid the collision. To support his position plaintiff James Rose testified he was struck in the west-bound curb lane of the four lane street. Prior to impact he heard an engine "kick-in." The impact knocked plaintiff's automobile 10–15 feet sideways causing him to strike a sign located off the road.

Defendant denied plaintiffs' allegations. She claimed her car never left the west-bound inside center lane and that she was traveling about 35 mph in a 40 mph speed zone. She testified the accident occurred in the center lane not the curb lane as plaintiffs contend. Also, she applied her brakes but was unable to avoid the collision.

An engineering expert testified on behalf of plaintiffs. There is no dispute the witness was a qualified expert in the field of automobile engineering. The expert viewed the location of the collision, reviewed the depositions of both plaintiffs and defendant, the police report, and photographs of plaintiffs' and defendant's vehicles after the collision. He stated in an in-camera hearing his opinion was based *solely* on the photographs, not on testimony of anybody, mathematical formulas or calculations and the collision occurred as described by plaintiff. He also stated there are many angles at which plaintiff could have approached the turn. Defendant objected only to the interpretation of the photographs by the expert as invading the province of the jury.

Plaintiffs' first point on appeal claims the trial court erred in excluding the conclusion testimony of the expert because the evidence was relevant and did not invade the province of the jury. Plaintiffs intended the expert to testify that the angle of impact, the turning radius and width of the traffic lanes was such that the accident could not have happened the way defendant described. The court allowed the ex-

pert to testify about stopping and braking distances, turning radius and a videotape the expert took at the location of the collision. The court excluded only the expert's interpretation of photographs of the automobile.

▆▆▆▆ Admission or exclusion of expert testimony by the trial court will not be disturbed on appeal unless it plainly appears the trial court abused its discretion. *Keller v. International Harvester Corp.*, 648 S.W.2d 584, 591–592 (Mo.App.1983). Opinion evidence may only be received when the witness by experience and knowledge is peculiarly qualified to draw conclusions from the facts and the jury, from want of such experience and knowledge, is not capable of drawing the correct conclusion. *Garner v. Jones*, 589 S.W.2d 66, 68 (Mo.App.1979).

The supreme court addressed this issue in *Housman v. Fiddyment*, 421 S.W.2d 284 (Mo. banc 1967). In that case the trial court permitted an expert witness to testify as to the location of the point of impact and the position of defendant's vehicle at the time of impact. The court stated the trial court abused its discretion in admitting the expert's testimony concerning the position of defendant's vehicle and the point of impact because "[t]hese subjects do not involve an application of the principals of physics, engineering, mechanics or other technical fields of science requiring specialized information. These questions could be determined by jurors possessed of the knowledge of ordinary men of the time. Automobile collision cases involving these subjects of inquiry are routinely decided by Missouri juries without aid of expert witnesses." *Id.* at 291–292. *Butler v. Crowe*, 540 S.W.2d 940, 942 (Mo.App.1976) also observes that "[t]he admission of an opinion on the relative location of vehicles at impact ... is generally erroneous."

▆▆▆ Plaintiffs rely on *Yocum v. Kansas City Public Service Co.*, 349 S.W.2d 860 (Mo.1961) to support their contention. But *Yocum* is distinguishable because in *Yocum* the expert's opinion involved technical

information not possessed by the ordinary juror. In the case before us, the trial court properly allowed the expert to testify about stopping distances and turning radii, and properly excluded the expert's opinion of how the accident occurred since by his testimony his opinion was based solely upon photographs. This evidence was before the jury which possessed the knowledge necessary to accurately place the vehicles prior to the accident. *Holtmeyer v. Scherer*, 546 S.W.2d 29, 34 (Mo.App.1976). On these facts, we find no abuse of the trial court's discretion in rejecting the opinion testimony of plaintiffs' expert. The expert witness did not testify that only a person with his qualifications could interpret the photographs. We decide this issue on that basis and do not decide that in all cases it would be error to permit an expert to interpret photographic evidence.

■ Plaintiffs' second point on appeal contends the trial court erred in discharging the jury when the verdict form was incomplete. The case was submitted to the jury on comparative negligence grounds. MAI 32.01(2). The jury found for defendant but left blank the space where they were to assess the percentage of negligence attributed to each party. MAI 36.01 Modified. However, plaintiffs here submitted a partial transcript of the court proceedings. The transcript submitted included only the testimony of plaintiffs, defendant and the expert witness. He did not submit the entire record of trial proceedings. We do not have any record of an objection to the verdict as incomplete before discharge of the jury. It is the duty of the appellant to furnish a transcript containing a record of the proceedings which he desires to have reviewed; in the absence of such record there is nothing for the appellate court to decide. Rule 81.-12(c); *Cooper v. General Standard, Inc.,*

674 S.W.2d 117, 122 (Mo.App.1984). The plaintiffs could have objected to the form of verdict after it was returned or could have consented to it as a full judgment in favor of defendants. Without a record to review the return of the verdict we cannot determine whether or not the court's acceptance of this verdict was erroneous.

■ There remains the question of plain error. Rule 84.13(c). A complaint concerning a mere technical or formal defect in a verdict must be voiced so that corrective steps may be taken; if not then made, the complaint is waived. *Buus v. Stocker Oil Co.*, 625 S.W.2d 236, 240 (Mo.App.1981). If, however, the defect is one of substance rendering the verdict a nullity, an objection is timely made even if made initially in the motion for new trial. *Id.* Since we have no record to determine if plaintiffs objected to the verdict form before submission or when rendered and therefore preserved their points on appeal, we reverse only if the defect is substantive rather than technical or formal.

■ Cases holding such defect one of substance do so where the verdict on its face was impossible or where the verdict was inconsistent and contradictory. *See Jenkins v. McShane*, 539 S.W.2d 752, 755 (Mo.App.1976); *Stroud v. Govreau*, 495 S.W.2d 682, 684 (Mo.App.1973). Here, the verdict was not impossible or inconsistent. It may be incomplete.[1] The jury could have determined plaintiff James Rose to be 100% negligent and 0% liability for defendant. Since this is not impossible or inconsistent, we find plaintiffs were required to preserve this point for appeal by objecting to the verdict when it was rendered. Since plaintiffs did not submit a transcript from which we could determine whether such

---

**1.** Copy of the verdict is attached with our emphasis on Notes One and Two. If the jury found defendant 0% negligent then the verdict is responsive to the issues. Jury confusion may have resulted from "Note One" which appears to relate only to one paragraph but not to "Note Two." It would be more complete for a jury

finding for defendant to complete the last paragraph of the verdict form as: Plaintiff 100%, Defendant 0%, Total 100%. We do not address the question of a verdict for defendant together with (for example) 50–50% comparative fault but a finding of no damages.

objection was timely made we find this point is not preserved. Affirmed.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.

VERDICT FORM A

Note: Complete this form by writing in the name required by your verdict.

On the claim of plaintiff James F. Rose against defendant Lori Ann Prouhet, we, the undersigned jurors, find in favor of

*LORI ANN PROUHET*

| Plaintiff James F. Rose | Defendant Lori Ann Prouhet |

**NOTE ONE**

Note: Complete the following [paragraph] only if the above finding is in favor of the plaintiff James F. Rose:

We, the undersigned jurors, find the total damages of plaintiff James F. Rose to be as follows:

For personal injuries $_____ (stating the amount or, if none write the word "none".

**NOTE TWO**

Note: Complete by writing in the percentage of fault you assess to each of those named below. If you believe any of those named below is not at fault, write in "zero" for that percentage. The total of the percentages you assess must be 100%.

We, the undersigned jurors, assess the percentages of fault as follows:

James F. Rose _____%

Lori Ann Prouhet _____%

Total 100%

Note: All jurors who agree to the above Must sign below.

Note: All jurors who agree to the above must sign below.